UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JOSEPH FASKELL
1124 Depot Street
Manawa, Wisconsin 54949

      Plaintiff,

v.

HAWK TRAILERS INC.
1220 Depot Street
Manawa, Wisconsin 54949

      Defendant

Case No: 20-cv-1473

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Joseph Faskell, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as amended by the amended by the "The Emergency Paid Sick Leave Act" (EPSLA) of the Families First Coronavirus Relief Act ("FFCRA").

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Joseph Faskell, is an adult male resident of the State of Wisconsin residing in Waupaca County with an address of 1124 Depot Street, Manawa, Wisconsin 54949.

4. Defendant, Hawk Trailers Inc., is a Wisconsin corporation with a principal place of business of 1220 Depot Street, Manawa, Wisconsin 54949.

5. Defendant manufactures horse trailers.

6. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

7. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

8. During the relevant time periods as stated herein, Defendant employed fewer than five hundred (500) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was an eligible employee under the EPSLA of the FFCRA.

13. During the relevant time periods as stated herein, Defendant was a covered employer under the EPSLA of the FFCRA.

14. During the relevant time periods as stated herein, Plaintiff was not a healthcare worker, healthcare provider, or emergency responder as those terms and phrases are defined under the EPSLA of the FFCRA.

15. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

16. On or about September 19, 2019, Defendant hired Plaintiff into the position of Final Assembly.

17. During Plaintiff's employment with Defendant, Plaintiff was a non-exempt, hourly-paid employee.

18. During Plaintiff's employment with Defendant, Plaintiff's regular hourly rate of pay was $20.25 per hour.

19. During Plaintiff's employment with Defendant, Plaintiff was a full-time employee, routinely and consistently working at least forty (40) hours per workweek.

20. During Plaintiff's employment with Defendant, Plaintiff reportedly directly to Dalton Timm, Plant Manager.

21. In approximately mid-to-late July 2020, Plaintiff experienced COVID-19-related symptoms.

22. On or about July 29, 2020 and while at work at Defendant, Timm instructed Plaintiff to leave the workplace and to "go home" because Plaintiff was coughing and experiencing other visible and/or noticeable COVID-19-related symptoms.

23. On or about July 29, 2020 and when Timm instructed Plaintiff to leave the workplace and to "go home," Timm told Plaintiff: "Don't come back until you have a work release," or words to that effect.

24. From approximately July 30, 2020 to August 13, 2020, Plaintiff self-quarantined because he was experiencing COVID-19-related symptoms.

25. From approximately July 30, 2020 to August 13, 2020, Plaintiff experienced COVID-19-related symptoms, was seeking a medical diagnosis of COVID-19, and/or was advised by his health care provider to self-quarantine due to COVID-19-related concerns.

26. From approximately July 30, 2020 to August 13, 2020, Plaintiff was unable to work at Defendant because he was self-quarantining because he was experiencing COVID-19-related symptoms.

27. From approximately July 30, 2020 to August 13, 2020, Plaintiff was not unable to work because he was caring for his or her son or daughter whose school or place of care has been closed or whose child care provider is unavailable due to COVID-19 related reasons.

28. From approximately July 30, 2020 to August 13, 2020, Plaintiff was unable to telework while he was self-quarantining because he was experiencing COVID-19-related symptoms.

29. From approximately July 30, 2020 to August 13, 2020, Defendant received communication and/or correspondence from Plaintiff and/or on Plaintiff's behalf regarding the duration of his COVID-19-related leave, the reason or basis of his leave, his inability to work at Defendant because of his COVID-19-related leave, and his return to work status at Defendant.

30. From approximately July 30, 2020 to August 13, 2020, Defendant, including but not limited to Timm, knew or was aware that Plaintiff was self-quarantining because he was experiencing COVID-19-related symptoms and was unable to work at Defendant.

31. From approximately July 30, 2020 to August 13, 2020, Plaintiff complied with Defendant's usual and customary notice policies and practices regarding his COVID-19-related leave, the reason or basis of his leave, his inability to work at Defendant because of his COVID-19-related leave, and his return to work status at Defendant.

32. During the workweeks that comprised the time period of approximately July 30, 2020 to August 13, 2020, Defendant did not provide Plaintiff with any compensation.

33. During the workweeks that comprised the time period of approximately July 30, 2020 to August 13, 2020, Defendant did not compensate Plaintiff at his regular hourly rate of pay of $20.25 per hour.

34. During the workweeks that comprised the time period of approximately July 30, 2020 to August 13, 2020, Defendant did not compensate Plaintiff at a minimum rate of pay of $7.25 per hour.

35. On or about August 14, 2020, Defendant terminated Plaintiff's employment because Plaintiff was unable to work from approximately July 30, 2020 to August 13, 2020 because he was self-quarantining due to COVID-19-related symptoms.

36. During Plaintiff's employment with Defendant and subsequent to the enactment of the FFCRA, Defendant did not post and keep posted a notice of the FFCRA's requirements at its Manawa location, located at 1220 Depot Street, Manawa, Wisconsin 54949.

## FIRST CAUSE OF ACTION
## Emergency Paid Sick Leave Violations of the FFCRA

37. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

38. The FLSA, 29 U.S.C. § 207(e), as amended by the EPSLA of the FFCRA, requires covered employers to provide eligible employees with up to two (2) weeks of paid sick leave at the greater of an employee's regular rate of pay, or the applicable minimum wage of $7.25 per hour under 29 U.S.C. § 206, when an employee is unable to work due to, among other reasons, self-quarantine due to concerns related to COVID-19.

39. At all times material herein, Defendant was a covered employer for purposes of the FFCRA because Defendant employed fewer than five hundred (500) employees during Plaintiff's employment with Defendant and at the time of the enactment of the FFCRA.

40. At all times material herein, Plaintiff was an eligible employee under the FFCRA because he was a current employee of Defendant at the time of his EPSLA request(s).

41. From approximately July 30, 2020 to August 13, 2020, Plaintiff was entitled to take paid leave under the EPSLA of the FFCRA because Plaintiff was self-quarantining (and unable to work at Defendant) because he was experiencing COVID-19-related symptoms.

42. From approximately July 30, 2020 to August 13, 2020, Defendant knew or should have known that Plaintiff was self-quarantining (and unable to work at Defendant) because he experiencing COVID-19-related symptoms.

43. From approximately July 30, 2020 to August 13, 2020, Defendant knew or should have known that Plaintiff was entitled to take paid leave under the EPSLA of the FFCRA because Plaintiff was self-quarantining (and unable to work at Defendant) because he was experiencing COVID-19-related symptoms.

44. From approximately July 30, 2020 to August 13, 2020, Defendant failed to provide Plaintiff with paid leave under the EPSLA of the FFCRA.

45. In accordance with the FLSA, 29 U.S.C. §§ 206 and 216-217, covered employers who fail to provide paid sick leave to eligible employees as required under the EPSLA of the FFCRA are considered to have failed to pay minimum wages in violation of 29 U.S.C. § 206 and are subject to the penalties as described in 29 U.S.C. §§ 216 and 217.

46. As a result of Defendant's failure to provide Plaintiff with emergency paid sick leave from approximately July 30, 2020 to August 13, 2020, Plaintiff is entitled to unpaid wages, liquidated damages, costs and attorneys' fees, and any other and further relief, as the Court deems just and equitable.

## SECOND CAUSE OF ACTION
**Unlawful Termination under the FFCRA**

47. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

48. The FLSA, 29 U.S.C. § 215(a)(3), as amended by the EPSLA of the FFCRA, prohibits employers from discharging, disciplining, or in any other manner discriminating against an employee who takes paid sick leave under the EPSLA.

49. At all times material herein, Defendant was a covered employer for purposes of the FFCRA because Defendant employed fewer than five hundred (500) employees during Plaintiff's employment with Defendant and at the time of the enactment of the FFCRA.

50. At all times material herein, Plaintiff was an eligible employee under the FFCRA because he was a current employee of Defendant at the time of his EPSLA request(s).

51. From approximately July 30, 2020 to August 13, 2020, Plaintiff was entitled to take paid leave under the EPSLA of the FFCRA because Plaintiff was self-quarantining (and unable to work at Defendant) because he was experiencing COVID-19-related symptoms.

52. On or about August 14, 2020, Defendant terminated Plaintiff's employment because Plaintiff was unable to work from approximately July 30, 2020 to August 13, 2020 because he was self-quarantining due to COVID-19-related symptoms.

53. On or about August 14, 2020, Defendant terminated Plaintiff's employment because Plaintiff took or attempted to take paid sick under the EPSLA from approximately July 30, 2020 to August 13, 2020.

54. In accordance with the FLSA, 29 U.S.C. §§ 215(a)(3), covered employers who terminate eligible employees for taking or attempting to take paid sick under the EPSLA are subject to the penalties as described in 29 U.S.C. §§ 216 and 217.

55. As a result of Defendant's unlawful termination of Plaintiff for taking or attempting to take paid sick under the EPSLA, Plaintiff is entitled to lost wages, liquidated damages, costs and attorneys' fees, and any other and further relief, as the Court deems just and equitable.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 21st day of September, 2020

                                      WALCHESKE & LUZI, LLC
                                      Counsel for Plaintiff

                                      s/ *Scott S. Luzi*
                                      Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: sluzi@walcheskeluzi.com